**FELA HEARING LOSS CASES. MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE MARGOLIS.**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCIS E. BAKUTIS )<br><br>Plaintiff, )<br><br>v. )<br><br>METRO-NORTH RAILROAD )<br>COMPANY, et al. )<br><br>Defendants. ) | CIVIL ACTION NO.:<br>02 CV 1877 (SRU) |

| | |
|---|---|
| MAURICE BARRETT )<br><br>Plaintiff, )<br><br>v. )<br><br>METRO-NORTH RAILROAD )<br>COMPANY, et al. )<br><br>Defendants. ) | CIVIL ACTION<br>NO.: 3:03 CV 0180 (AWT) |

| | |
|---|---|
| DAVID BETRIX )<br><br>Plaintiff, )<br><br>v. )<br><br>METRO-NORTH RAILROAD )<br>COMPANY, et al. )<br><br>Defendants. ) | CIVIL ACTION<br>NO.: 3:03 CV 0181 (WWE) |

1

MICHAEL BETTINI                      )
                                     )
              Plaintiff,             )
                                     )      CIVIL ACTION
v.                                   )      NO.: 3:02 CV 2030 (RNC)
                                     )
METRO-NORTH RAILROAD                 )
COMPANY, et al.                      )
                                     )
              Defendants.            )
                                     )

ROBERT BLACK                         )
                                     )
              Plaintiff,             )      CIVIL ACTION
v.                                   )      NO.: 3:02 CV 1873 (AVC)
                                     )
METRO-NORTH RAILROAD                 )
COMPANY, et al.                      )
                                     )
              Defendants.            )
                                     )

THOMAS BYRNE, SR.                    )
                                     )
              Plaintiff,             )
                                     )      CIVIL ACTION
v.                                   )      NO.: 3:03 CV 0182 (CFD)
                                     )
METRO-NORTH RAILROAD                 )
COMPANY, et al.                      )
                                     )
              Defendants.            )
                                     )

2

JAMES E. CAFFREY                          )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )       CIVIL ACTION NO.:
                                          )       3:02 CV 1884 (CFD)
METRO-NORTH RAILROAD                      )
COMPANY, et al.                           )
                                          )
              Defendants.                 )
                                          )

PAUL F. CIUZIO                            )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )       CIVIL ACTION
                                          )       NO.:   3:02 CV 2032(JBA)
METRO-NORTH RAILROAD                      )
COMPANY, et al                            )
                                          )
              Defendants.                 )
                                          )

SAMUEL J. COMPO                           )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )       CIVIL ACTION
                                          )       NO.:   3:02 CV 1675 (PCD)
METRO-NORTH RAILROAD                      )
COMPANY, et al.                           )
                                          )
              Defendants.                 )
                                          )

3

| | |
|---|---|
| FRANK DiLORENZO )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>METRO-NORTH RAILROAD )<br>COMPANY, et al.  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION<br>NO.: 3:03 CV 0183 (AWT) |
| RICHARD FANNING )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>METRO-NORTH RAILROAD )<br>COMPANY, et al.  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION<br>NO.:   3:02 CV 2034 (SRU) |
| THOMAS FARLEY )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>METRO-NORTH RAILROAD )<br>COMPANY, et al.  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION<br>NO.: 3:02 CV 2035 (WWE) |

4

ROBERT L. FUDA )
                )
        Plaintiff, )
                )
v. )      CIVIL ACTION
                )      NO.:   3:02 CV 1678 (RNC)
METRO-NORTH RAILROAD )
COMPANY, et al. )
                )
        Defendants. )
                )

JOHN P. GEARY )
                )
        Plaintiff, )
                )
v. )      CIVIL ACTION
                )      NO.:   3:02 CV 1679 (WWE)
METRO-NORTH RAILROAD )
COMPANY, et al. )
                )
        Defendants. )
                )

CLYDE GIBBS )
                )
        Plaintiff, )
                )
v. )      IVIL ACTION
                )      NO.:   3:02 CV 2037 (WWE)
METRO-NORTH RAILROAD )
COMPANY, et al. )
                )
        Defendants. )
                )

5

DENNIS INCONSTANTI )
                              )
        Plaintiff, )
                              )
v. )    CIVIL ACTION
                              )    NO.: 3:03 CV 0184 (JCH)
METRO-NORTH RAILROAD )
COMPANY, et al. )
                              )
        Defendants. )

THOMAS INFANTINO )
                              )
        Plaintiff, )
                              )
v. )    CIVIL ACTION
                              )    NO.:   3:02 CV 2038(GLG)
METRO-NORTH RAILROAD )
COMPANY, et al. )
                              )
        Defendants. )

JOHN F. JOHNSON, JR. )
                              )
        Plaintiff, )
                              )
v. )    CIVIL ACTION
                              )    NO.: 3:03 CV 0185 (GLG)
METRO-NORTH RAILROAD )
COMPANY, et al. )
                              )
        Defendants. )

6

CHARLES A. KANE                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          CIVIL ACTION
                                   )          NO.: 3:02 CV 1878 (CFD)
METRO-NORTH RAILROAD               )
COMPANY, et al.                    )
                                   )
          Defendants.              )
                                   )

KARL KAUTZ                         )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          CIVIL ACTION
                                   )          NO.: 3:02 CV 1874 (JBA)
METRO-NORTH RAILROAD               )
COMPANY, et al.                    )
                                   )
          Defendants.              )
                                   )

THOMAS KINIRY                      )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          CIVIL ACTION
                                   )          NO.:   3:02 CV 01680 (JBA)
METRO-NORTH RAILROAD               )
COMPANY, et al.                    )
                                   )
          Defendants.              )
                                   )

7

| | |
|---|---|
| FREDERICK N. KOVAL )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>METRO-NORTH RAILROAD )<br>COMPANY, et al. )<br>)<br>     Defendants. )<br>) | CIVIL ACTION NO.:<br>3:02 CV 1879 (GLG) |
| RICHARD J. LASKEVITCH )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>METRO-NORTH RAILROAD )<br>COMPANY, et al. )<br>)<br>     Defendants. )<br>) | CIVIL ACTION<br>NO.: 3:02 CV 1676 (GLG) |
| SIGISMONDO LOVERME, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>METRO-NORTH RAILROAD )<br>COMPANY, et al. )<br>)<br>     Defendants. )<br>) | CIVIL ACTION NO.:<br>3:02 CV 1880 (PCD) |

8

| | |
|---|---|
| HENRY MACKEY                ) | |
|           Plaintiff,      ) | |
| v.                          ) | CIVIL ACTION |
|              ) | NO.: 3:02 CV 1881 (AWT) |
| METRO-NORTH RAILROAD        ) | |
| COMPANY, et al.             ) | |
|           Defendants.    ) | |

| | |
|---|---|
| JERRY D. PATTERSON, SR.     ) | |
|           Plaintiff,      ) | |
| v.                          ) | CIVIL ACTION NO.: |
|              ) | 3:02 CV 1874 (JBA) |
| METRO-NORTH RAILROAD        ) | |
| COMPANY, et al.             ) | |
|           Defendants.    ) | |

| | |
|---|---|
| JOHN RAGGI                  ) | |
|           Plaintiff,      ) | |
| v.                          ) | CIVIL ACTION |
|              ) | NO.:   3:02 CV 1681 (GLG) |
| METRO-NORTH RAILROAD        ) | |
| COMPANY, et al.             ) | |
|           Defendants.    ) | |

9

PEDRO RODRIGUEZ    )
           )
    Plaintiff,   )
           )
v.          )  CIVIL ACTION
           )  NO.: 3:03 CV 0188 (JBA)
METRO-NORTH RAILROAD  )
COMPANY, et al.     )
           )
    Defendants.  )
           )

EDWARD P. RUSSO    )
           )
    Plaintiff,   )
           )
v.          )  CIVIL ACTION
           )  NO.: 3:02 CV 1682 (JCH)
METRO-NORTH RAILROAD  )
COMPANY, et al.     )
           )
    Defendants.  )
           )

ANTONIO P. SARTORI, JR.   )
           )
    Plaintiff,   )
           )
v.          )  CIVIL ACTION
           )  NO.: 3:02 CV 2039(PCD)
METRO-NORTH RAILROAD  )
COMPANY, et al.     )
           )
    Defendants.  )
           )

10

ALFRED C. SCHUMACHER  )
         )
    Plaintiff,   )
         )
v.         )  CIVIL ACTION
         )  NO.: 3:02 CV 1875 (AHN)
METRO-NORTH RAILROAD  )
COMPANY, et al.    )
         )
    Defendants.  )
         )

JAMES R. SCOFIELD   )
         )
    Plaintiff,   )
         )
v.         )  CIVIL ACTION
         )  NO.: 3:02 CV 1683 (JCH)
METRO-NORTH RAILROAD  )
COMPANY, et al.    )
         )
    Defendants.  )
         )

MICHAEL SELMONT   )
         )
    Plaintiff,   )
         )  CIVIL ACTION NO.:
v.         )  3:02 CV 1677 (GLG)
         )
METRO-NORTH RAILROAD  )
COMPANY, et al.    )
         )
    Defendants.  )
         )

RICHARD STARR                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )      CIVIL ACTION NO.:
                                       )      3:02 CV 1874 (JBA)
METRO-NORTH RAILROAD                   )
COMPANY, et al.                        )
                                       )
            Defendants.                )
                                       )

TIMOTHY STRAND                         )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )      CIVIL ACTION
                                       )      NO.:   3:02 CV 1683 (JCH)
METRO-NORTH RAILROAD                   )
COMPANY, et al.                        )
                                       )
            Defendants.                )
                                       )

MILLARD J. SULLIVAN                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )      CIVIL ACTION
                                       )      NO.:   3:02 CV 1684 (JCH)
METRO-NORTH RAILROAD                   )
COMPANY, et al.                        )
                                       )
            Defendants.                )
                                       )

TIMOTHY SWEENEY )
)
      Plaintiff, )
)    CIVIL ACTION
v. )    NO.:  3:02 CV 1872 (RNC)
)
METRO-NORTH RAILROAD )
COMPANY, et al. )
)
      Defendants. )
)

LAWRENCE TRAMAGLINI )
)
      Plaintiff, )
)    CIVIL ACTION
v. )    NO.: 3:02 CV 2040 (SRU)
)
METRO-NORTH RAILROAD )
COMPANY, et al. )
)
      Defendants. )
)

JOSEPH WALZ )
)
      Plaintiff, )
)    CIVIL ACTION
v. )    NO.:  3:02 CV 2041 (DJS)
)
METRO-NORTH RAILROAD )
COMPANY, et al. )
)
      Defendants. )
)

| | |
|---|---|
| ROBERT WEST                                )<br><br>      Plaintiff,            )<br><br>v.                                         )<br>                      )<br>METRO-NORTH RAILROAD         )<br>COMPANY, et al.                        )<br>                      )<br>      Defendants.          )<br>                      ) | CIVIL ACTION<br>NO.: 3:03 CV 0190 (AWT) |
| BILLY JOE WILSON                        )<br><br>      Plaintiff,            )<br><br>v.                                         )<br>                      )<br>METRO-NORTH RAILROAD         )<br>COMPANY, et al.                        )<br>                      )<br>      Defendants.          )<br>                      ) | CIVIL ACTION<br>NO.: 3:02 CV 1876 (DJS) |

14

| | |
|---|---|
| ROBERT F. WRIGHT　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　　　Plaintiff,　　　　　　) | |
| 　　　　　　　　　　　　　　　) | CIVIL ACTION |
| v.　　　　　　　　　　　　　　) | NO.: 3:03 CV 0191 (RNC) |
| 　　　　　　　　　　　　　　　) | |
| METRO-NORTH RAILROAD　　　) | |
| COMPANY, et al.　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　　　Defendants.　　　　　) | |
| 　　　　　　　　　　　　　　　) | December 10, 2003 |

**DEFENDANTS', CONSOLIDATED RAIL CORPORATION AND AMERICAN
FINANCIAL GROUP, INC.'S, JOINT MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL PLAINTIFFS' RESPONSES TO DEFENDANTS' REQUESTS FOR
PRODUCTION OF DOCUMENTS AND FOR SANCTIONS FOR FAILURE TO MAKE
DISCLOSURE OR COOPERATE IN DISCOVERY**

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial

Group ("American") hereby move, pursuant to Fed. R. Civ. P. 26(b), 37(a), 37(c) and L. Civ. R.

31, that this Honorable Court compel the above-referenced plaintiffs to respond to the

defendants' *Requests for Production of Documents*, and sanction the plaintiffs for failing to

make required disclosures, failing to cooperate in discovery and making false and misleading

disclosures. In support of this *Motion*, the defendants state as follows:

**I.      PROCEDURAL BACKGROUND:**

In each of the above-captioned matter, the plaintiffs claim to have suffered hearing

losses and allege that the losses are a result of their exposure to excessive noise while employed

15

by Penn Central, Conrail and/or Metro North. Each of the above-entitled plaintiffs is represented by the same law firm, Cahill & Goetsch. From February, 2003 through July, 2003, the defendants served their *First Set of Requests for Production of Documents* upon the various plaintiffs. A sample of the defendants' *First Set of Requests for Production of Documents* is attached hereto as Exhibit "A." In early September, 2003, each and every plaintiff referenced in the above-caption, despite having completely different cases on a number of factual issues, filed identical *Responses to Defendants' Consolidated Rail Corporation and American Financial Group, Inc.'s,[1] First Set of Requests for Production of Documents to the Plaintiff,* a sample copy of which is attached hereto as Exhibit "B." Perhaps even more shocking is that not one document was produced with any of the *Responses* that were served upon the defendants. Moreover, the majority of the plaintiffs' responses are evasive and incomplete, and should therefore be deemed as a failure of the plaintiffs' to respond pursuant to Fed. R. Civ. P. 37(a)(3). Other responses, as discussed below, have been proven utterly false. Based upon the identical *Responses*, the defendants jointly file the instant *Motion* which is applicable to all captioned matters.

II.     **DISCUSSION OF LAW:**

    Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to move for

---

[1] Although each of the plaintiffs' *Responses* were entitled as a response to both Conrail and American's *Requests*, American is not a party in the following cases: Black, Laskevitch, Sartori, Schumacher, Selmont, Starr, Compo, Kautz, Patterson and Wilson.

an order to compel a complete response to properly filed interrogatories and requests for production of documents. In addition, Rule 37(a)(4) also provides that the moving party, if successful, may be awarded expenses and sanctions.

"The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" H. Lewis Packing, LLC v. Spectrum Plastics, Inc., 2003 U.S. Dist. LEXIS 19062 (D. Conn., Apr. 11, 2003) at *2 *citing* Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2nd Cir. 1992)(quotations omitted). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is 'unreasonably cumulative or duplicative,' overly 'burdensome...expensive' or 'the burden or expense of the proposed discovery outweighs its likely benefit.'" H. Lewis Packing, LLC at *2 *quoting* Fed. R. Civ. P. 26(b)(2). Moreover, "an order compelling discovery may be tailored to the circumstances of the case." Id. *citing* Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996). Accordingly, the defendants move to compel the following production.

Further, in the event that a party, without substantial justification, fails to disclose

17

information required by Rule 26(a) or 26(e)(2), or makes false or misleading disclosure, the

party shall not be permitted to use as evidence at trial, at a hearing, or on a motion any witness

or information not so disclosed. Fed. R. Civ. P. 37(c). Moreover, Rule 37(c)(1) also provides,

"[i]n addition to requiring payment of reasonable expenses, including attorney's fess, caused by

the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A),

(B), and (C) and may include informing the jury of the failure to make the disclosure." The

sanctions provided for in Rule 37(b)(2)(A), (B) and (C) are as follows:

> (A)    An order that the matters regarding which the order was made or any other
> designated facts shall be taken to be established for the purposes of the action in
> accordance with the claim of the party obtaining the order;

> (B)    An order refusing to allow the disobedient party to support or oppose designated
> claims or defenses, or prohibiting that party from introducing designated matters in
> evidence;

> (C)    An order striking out pleadings or parts thereof, or staying further proceedings until
> the order is obeyed, or *dismissing the action* or proceedings, or any part thereof, or
> rendering judgment by default against the disobedient party.

(Emphasis supplied).  Thus, the defendants request that the plaintiffs be sanctioned accordingly,

as a result of their violation of this Rule, as discussed more fully below.

**A.    REQUEST NO. 1:**

> 1.    **The Plaintiffs Have Failed to Make Disclosure, Failed to Cooperate**
> **With Discovery And Provided False Or Misleading Disclosures In**
> **Relation To Request No. 1:**

The defendants' Request No. 1 seeks: "Any and all medical records, reports, letters and

18

statements, including full and complete hospital records and doctor's records, which were made in connection with the hearing loss allegedly suffered by the plaintiff." Exh. A. Each and every plaintiff responded, **absent objection**, exactly the same as follows, "See plaintiff's 26a Disclosure." Exh. B.

This response is entirely unacceptable, as it is unresponsive, evasive, and incomplete, and is clearly an attempt by the plaintiffs' to circumvent their responsibilities relating to discovery as outlined in Fed. R. Civ. P. 26(a), 26(b) and 37(c). Moreover, the plaintiffs' identical *Responses* are especially egregious considering that in the majority of the pending cases, the **only medical record that was produced** with the plaintiffs' *Rule 26(a) Disclosures*, and in most cases, **the only document which was produced with the *Disclosures***, was the reports of Dr. Kirchner's concerning each of the plaintiff's hearing loss.[2] The plaintiffs even failed to produce Dr. Kirchner complete records. Yet, not one responsive document was produced by any of the plaintiffs with their *Responses to Defendants' Request for Production of Documents*. Compounding this abuse by the plaintiffs, is the plaintiffs' collective failure to produce and/or disclose various medical records with their *Rule 26(a) Disclosures,* as discussed

---

[2] Cahill & Goetsch referred each of the plaintiffs to Dr. Kirchner for a self-serving medical "report." Dr. Kirchner has now been identified as treating physician in the majority of the plaintiffs' cases, and has been identified as an expert in each of the plaintiffs' cases by *Plaintiffs' Amended 26(a) Disclosure* dated October 7, 2003. The only cases where Dr. Kirchner's report was not supplied were <u>Patterson v. Metro North, et al.</u>, <u>West v. Metro North, et al.</u> and <u>Johnson v. Metro North, et al.</u>, and in those matters, alternate reports were produced, and Dr. Kirchner has been disclosed as those plaintiffs' expert as well. Moreover, the plaintiffs collectively purported to supplement their *Rule 26(a) Disclosures* by letter of May 27, 2003, which is attached hereto as Exhibit "C," (documents omitted) and by letter of August 13, 2003, which is attached hereto as Exhibit "D" (documents omitted).

19

more fully below.  Thus, referring the defendants to the plaintiffs' *Rule 26(a) Disclosures* is absurd, and as a result of this response, the plaintiffs' cases should be dismissed, or alternatively they should be limited to the use of only those documents produced with the respective *Disclosures,* which, in most cases, is Dr. Kirchner's report alone.   Also, the defendants' request, based upon these identical and evasive responses, which necessitated this *Motion,* that they be awarded their costs and attorney's fees associated with the same.

        **2.**      **The Plaintiffs Have Failed to Make Disclosures Of The Information Required By Fed. R. Civ. P. 26(a) and 26(e)(2) And/Or Have Made False or Misleading Disclosures And Should Be Sanctioned Pursuant to Fed. R. Civ. P. 37(c):**

The plaintiffs' referrals to their various *Rule 26a Disclosures* is even more offensive since many of the plaintiffs, if not all, have failed to produce medical records with either their *Rule 26a Disclosures* or their *Responses to Requests for Production,* in clear violation of Rule 37(c), since all of these records were in their possession, custody or control at the time the pleadings were filed.  Rule 37 (c) provides, in pertinent part:

A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Thus, the plaintiffs have no excuse for failing to provide these records.

The examples of the plaintiffs' discovery abuse are numerous and shocking, and suggest

20

that additional abuses will be uncovered. These examples demonstrate that plaintiffs' counsel has adopted, for strategic purposes, a pattern of withholding relevant documents. Moreover, it is clear that the plaintiffs' counsel plans to follow this strategy in all of these cases. Finally, the plaintiffs' serial failure to produce documents in a timely fashion clearly leads to the conclusion that they may be altogether withholding additional documents which will never be produced without the Court's order.

### a.    Mackey v. Metro North, et al.:

By letter of September 25, 2003, in the matter of <u>Mackey v. Metro North, et al.</u>, the plaintiff <u>on September 25, 2003</u> produced several documents, which were in his possession, custody or control as of the date of his *Rule 26(a) Disclosure* <u>dated February 21, 2003</u>. *See* Correspondence of Scott E. Perry, Esq. dated September 25, 2003, attached hereto as Exhibit "E." As part of this so-called "supplemental disclosure," the plaintiff produced the following numerous and highly relevant documents: (1) Metro North's *Medical Evaluation Results* dated December 8, 1999 (informing the plaintiff that he was disqualified from employment based on his hearing loss); (2) Metro North's *Request for Medical Service* dated December 5, 1999, disqualifying the plaintiff from service; (3) Metro North's Audiogram dated April 2, 1999; (4) *Metro North Commuter Railroad Medical Guidelines for Conductor/Assistant Conductor* dated October, 1992; (5) Report of Philip G. Liu, M.D. to Mr. Cahill <u>dated October 23, 2002</u>; (6) Report of AA Hearing Aid Center to Henry Mackey dated December 13, 1999; and (7) Invoice

21

of AA Hearing Aid Center dated December 13, 1999 (a bill for hearing aids). Exh. E.

All of these items predate both the *Plaintiff's Rule 26(a) Disclosure* dated February 21, 2003 and the *Plaintiff's Response to Defendants, Consolidated Rail Corporation and American Financial Group, Inc.'s First Set of Requests for Production of Documents* dated September 3, 2003. Nevertheless, the plaintiff never bothered to produce these documents with those pleadings in clear violation of the applicable Rules, nor has he bothered to amend these pleadings as required. Certainly, all of the above listed documents were reasonably available to the plaintiff at the time he filed his *Rule 26(a) Disclosure,* and his failure to produce them previously amounts to an abuse of discovery practice for which the plaintiff's case should be dismissed.

Furthermore, an attempt to "supplement" these disclosures is not sufficient. Fed. R. Civ. P. 26(e) provides, in pertinent part, "A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information <u>thereafter acquired</u>..." (emphasis added). These documents produced on September 25, 2003 were not "thereafter acquired," but instead were in the plaintiff's possession, custody and/or control at the time of his *Rule 26(a) Disclosure* and *Responses,* and he simply chose not to disclose the same. Even more offensive is that a report addressed to Attorney Cahill dated October 23, 2002 was among the documents produced, and this was clearly in the plaintiff's counsel possession on the date of

22

his *Rule 26(a) Disclosure* and *Responses*.  This amounts to abuse of discovery practice, and not only should the plaintiff be compelled to produce these documents, but he should be sanctioned pursuant to Rule 37(c), as specifically requested below.

      **b.**      **<u>Murray v. Metro North, et al.</u>, <u>Stand v. Metro North, et al.</u>, <u>Kane v. Metro North, et al.</u>, <u>Kautz v. Metro North, et al.</u>:**

Similarly in the matters of <u>Murray v. Metro North, et al.</u>, <u>Strand v. Metro North, et al.</u>, <u>Kane v Metro North, et al.</u>, and <u>Kautz v. Metro North, et al.</u>, the plaintiffs each produced only one document, the report of Dr. Kirchner, with their *Rule 26(a) Disclosures* all dated February 21, 2003, and they each referred the defendants to this *Disclosure* in their respective *Responses to Requests for Production of Documents* dated September 3, 2003.  Thereafter, on October 28, 2003, each of these plaintiffs produced his Metro North *Hearing Test Notification Report,* dated April 18, 2001, May 21, 2001, May 23, 2001 and April 17, 2001 respectively, which were admittedly previously received by each plaintiff.[3]  See Correspondence of Scott E. Perry, Esq. dated October 28, 2003, attached hereto as Exhibit "F."  Once again, the plaintiffs in these matters (as well as the additional hearing loss plaintiffs) cannot be allowed to disclose documents at their leisure. This is a clear violation of Fed. R. Civ. P. R. 26(a), 26(e)(2) and 37(c), and the plaintiffs should be permitted to profit from this practice of ignoring the Rules of Civil Procedure.  Thus, these plaintiffs' cases should be dismissed, or, at the very least, they

---

[3] These documents were produced less than one month before each of these plaintiff's depositions were conducted on November 13, 2003, November 6, 2003, November 24, 2003 and November 18, 2003 respectively.

should be barred from using these documents at future hearings, in motions and at trial pursuant to Rule 37(c), as requested below.

### c.    Sullivan v. Metro North, et al.:

Likewise, on October 28, 2003, in the matter of <u>Sullivan v. Metro North, et al.</u>, the plaintiff produced the following: (1) Metro North's *Hearing Test Notification Report* dated April 11, 2001; (2) Metro North's Hearing Test Result dated 1995; (3) Metro North's Hearing Test Result dated October 1, 1999; (4) Metro North's Hearing Test Result dated May 1, 1997; and (5) Metro North's Hearing Test Result dated November 19, 1992, all of which were and an obtained by Mr. Sullivan.[4]  *See* Exh. F.  Once again, none of these documents, although in the plaintiff's possession, custody or control that the time, were produced with his *Rule 26(a) Disclosure* dated January 23, 2003 or his *Response to the Defendants' First Request for Production of Documents* dated September 3, 2003 (where he merely refers the defendants to his *Rule 26(a) Disclosure*), violating Rules 26(a), 26(e)(2) and 37(c).  Thus, the defendants request that the Court sanction the plaintiff for this discovery abuse as requested below.

### d.    Schumacher v. Metro North, et al.:

In <u>Schumacher v. Metro North, et al.</u>, the plaintiff filed his *Rule 26(a) Disclosures* on February 21, 2003, and produced only the report of Dr. Kirchner.  Moreover, he failed to

---

[4] Again, these documents were produced less than one month prior to the plaintiff's deposition, which was conducted on November 21, 2003.

24